People v Pike (2025 NY Slip Op 25302)

[*1]

People v Pike

2025 NY Slip Op 25302

Decided on October 22, 2025

Justice Court Of The Town Of Bristol, Ontario County

Beretta, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on October 22, 2025
Justice Court of the Town of Bristol, Ontario County

The People of the State of New York,

againstJoshua Pike, Defendant.

Index No. XXXXX

ADA Zachary S. Maurer, Stephen Sercu, Esq., for the Defendant

Frank Beretta, J.

The Defendant was charged with violations of NY VTL §§ 1192.3, Driving While Intoxicated, and 1227.1, Consumption of Alcohol in a Motor Vehicle, and moved this Court by Notice of Motion dated February 7, 2025, for an order suppressing evidence and any information obtained therefrom and the use of said evidence upon the trial of the above named Defendant. The issues raised on the motion were heard and tried before the Court September 3, 2025.
Upon the evidence adduced before the Court on the hearing of the issues raised by said motion and the Letter Memorandum of Law submitted by Stephen Sercu, Esq., attorney for the Defendant, and due deliberation having been had, the Court finds the following facts.
The People first called Deputy Brian Larkin who testified that he was dispatched to South Hill Road in the Town of Bristol at 12:22 a.m. on November 8, 2024 for a report of a motor vehicle accident. Deputy Larkin testified that upon arrival, he found the Defendant picking up objects roadside near an overturned white F-250 pick-up truck. Upon the identification of the Defendant, the Deputy testified that he observed that the Defendant had the odor of alcohol on his breath, slurred speech, bloodshot, watery eyes, and blood on the Defendant's face and hands. The Deputy also testified that he observed empty and full Corona beer bottles in proximity to the overturned vehicle.
Deputy Larkin testified that emergency medical services arrived on the scene, examined the Defendant and recommended that the Defendant be transported to the hospital for further evaluation of his injuries. The Defendant demurred stating that he had no health insurance. Upon cross-examination, the Deputy admitted that he never advised the Defendant that insurance would cover necessary medical treatment.
Upon further cross-examination, Deputy Larkin testified that when he first encountered the Defendant, the Defendant approached the Deputy by climbing a steep grade without stumbling or falling, and that, during his on-scene investigation, he observed the Defendant picking up tools around the vehicle without apparent difficulty. The Deputy further testified that the Defendant was coherent in all of his interactions with the Deputy. The Defendant did admit to the Deputy that he had, "Had a few beers." It is unclear from Deputy Larkin's testimony if the [*2]EMTs cleared the Defendant for further investigative procedures. However, Deputy Larkin testified that the EMTs reported in sum and substance that, 'He [the Defendant] still has his wits about him.' .
Although it is clear from the testimony that the Defendant was placed under arrest at the scene, no field sobriety tests were administered at that time. The Defendant was taken into custody and transported F.F. Thompson Hospital for further evaluation of his injuries pursuant to Mental Hygiene Law [hereinafter "MHL"] §22.09 where the investigation was continued by Deputy Corrine Gullo.
Upon the foregoing, the Court finds as follows:
MHL §22.09 (a) 2. defines "incapacitated" person, as one who, "...as a result of the use of alcohol and/or substances, is unconscious or has his or her judgment otherwise so impaired that he or she is incapable of realizing and making a rational decision with respect to his or her need for treatment." MHL 22.09 (b) 2. goes on to provide in relevant part that, "A person who appears to be incapacitated by alcohol and/or substances to the degree that there is a likelihood to result in harm to the person or others may be taken into custody by ... a police officer... for the purpose of receiving emergency services." emphasis added.
It is without question that Deputy Larkin had sufficient probable cause to arrest the Defendant for Driving While Intoxicated based upon his observations at the accident scene. There is nothing in the record to suggest that the horizontal gaze nystagmus test, the walk-and-turn test, or the one-leg-stand test could not have been administered at the scene. However, the prosecution took a questionable turn when Deputy Larkin determined that the Defendant lacked sufficient judgment to make a rational decision respecting to his own medical treatment
By employing the artifice of MHL §22.09 (a) 2. Deputy Larkin hoisted himself upon his own petard and it blew up in his face. The Appellate Division 4th Department recently held in People of the State of New York V. Joseph Ruise, reported October 10, 2025, that, absent the essential element of evidence of impaired judgement to the extent that Defendant's conduct bears a likelihood of danger to himself or others, the officer's reliance upon Mental Hygiene Law § 22.09 to continue the criminal investigation is misplaced.
Therefore, any evidence that the Defendant was Driving While Intoxicated obtained by Deputy Gullo at the hospital must be suppressed as derivative of the of the improper detainer of the Defendant pursuant to MHL § 22.09.
The Court does not agree with the Defendant that the search of the Defendant's vehicle or that the statements made by the Defendant to the investigating deputies at the scene should be suppressed. The CPL § 710.30 Notice makes reference to body-worn camera footage of the Defendant's interaction with the deputies which would, of necessity, contain the verbatim statements of the Defendant. Likewise, the empty and full beer bottles observed by the deputies in and around the vehicle, whether as the result of an "inventory search" or within plain view, may be admitted into evidence on either or both of the counts charged.
As a result of the foregoing, the Court need not reach the remaining issues raised in the Defendant's motion.
This constitutes the decision and order of the Court.
Dated: October 22, 2025Hon. Frank Beretta, Bristol Town Court